IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER YOUNG, : Petitioner, | CIVIL ACTION |
| v. | No. 12-3623 |
| SUPERINTENDENT LAMAS, et al., Respondents. | |

**M E M O R A N D U M**

**Stengel, J.**                                                                                                   **January 27, 2014**

The petitioner Christopher Young requests that this court reopen his previous habeas petition under Federal Rule of Civil Procedure 60(b) because he claims the Supreme Court's holding in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013) provides evidence that his initial habeas denial was flawed procedurally. For the reasons stated below, I will deny this Rule 60(b) motion.

I.   BACKGROUND[1]

On December 12, 1998, the petitioner, Dameon Ellis, and an unidentified man approached a group of street gamblers in the Hunting Park section of Philadelphia. The three asked one of the gamblers to "take a walk." He refused, and Ellis pulled out a gun. Shots ensued. Three of the gamblers were shot. One of them was killed.

---

[1] The factual background is taken from the previous decision regarding the denial of Mr. Young's habeas petition. Young v. Superintendent Lamas, et al., No. 12–3623, 2013 WL 1755333 (E.D.Pa. Mar 28, 2013).

1

On November 13, 2000, a jury found the petitioner guilty of first degree murder, two counts of attempted murder, criminal conspiracy, and possession of an instrument of crime. He was then sentenced to life imprisonment without parole. The petitioner appealed his conviction to the Pennsylvania Superior Court claiming that the trial court erred in not granting a mistrial based on an alleged reference to his past criminal history made by a police witness; the Superior Court affirmed his conviction on February 15, 2002. The Pennsylvania Supreme Court granted discretionary review of his case and affirmed his sentence on May 27, 2004.

On March 7, 2005, the petitioner filed a *pro se* Post Conviction Relief Act (PCRA) petition asserting the following claims: 1) there was insufficient evidence to sustain his convictions, 2) trial counsel failed to address trial witness's statement that she saw him shoot another individual at a previous time in another case, 3) trial counsel failed to sever his case from that of co-defendant Ellis, 4) trial counsel failed to suppress evidence of a .38 caliber revolver and (5) trial counsel failed to raise the issue of the weight of the evidence by post-sentence motion to preserve it as an issue for appeal. On May 1, 2006, the PCRA court dismissed the petition. The Pennsylvania Superior Court affirmed the PCRA court's decision on appeal. On October 24, 2007, the Pennsylvania Supreme Court denied review.

On April 26, 2012, the petitioner filed a second PCRA petition. One of the claims in this petition was one for actual innocence based on the fact that the trial court provided an erroneous jury instruction for first degree murder which imputed the intent to kill

through criminal conspiracy. On June 7, 2012, the PCRA court issued a notice of the court's intention to dismiss the petition without a hearing.

On June 24, 2012, the petitioner then filed a federal habeas petition asserting that he was denied his right to effective counsel during his trial court proceedings because counsel failed to object to the trial court's jury instructions which allegedly imputed the intent to commit first degree murder from the intent to engage in criminal conspiracy.[2] On April 23, 2013, this court denied that petition as untimely because the petitioner did not demonstrate that statutory or equitable tolling—either via an actual innocence claim or otherwise—would render his petition reviewable.[3] In this filing, Mr. Young seeks to use Federal Rule of Civil Procedure 60(b) to overturn this court's denial of his motion under 28 U.S.C. § 2254.

## II.     STANDARD FOR RULE 60(b) MOTIONS

Federal Rule of Civil Procedure 60(b) permits a district court to grant relief from a final judgment after a showing of extraordinary circumstances including: 1) fraud, misrepresentation, or misconduct by an opposing party; 2) newly discovered evidence; or 3) for "any other reason that justifies relief."[4] Fed. R. Civ. P. 60(b)(3), (4) and (6). As

---

[2] The petitioner asserted six grounds for relief but this was the only substantive ground he asserted. This court reviewed this claim but addressed the petitioner's other claims which included arguments regarding equitable tolling, actual innocence, and excusal of exhaustion requirements. The petitioner also requested that this court stay his state court proceedings pending his litigation of this federal petition; this request was also denied.

[3] The Honorable Carol Sandra Moore Wells made this report and recommendation, which I adopted on this date.

[4] Federal Rule of Civil Procedure 60(b) states:
**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.**
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;

3

such, relief under this rule is possible only in narrow circumstances. See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).

In evaluating a Rule 60(b) motion in the context of habeas review, the district court must determine whether the Antiterrorism and Effective Death Penalty Act's (AEDPA) limits on successive petitions apply. See Gonzalez, 545 U.S. at 529; see also 2 Rules Governing Section 2254 Cases, Rule 11; Rules Governing Section 2255 Cases, Rule 12. If the Rule 60(b) motion is "in substance a habeas corpus application," it shall be treated as a successive habeas petition. Id. at 531; see also Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). The district court then does not have jurisdiction to entertain the motion unless the petitioner is authorized by the court of appeals to file a successive petition. See Burton v. Stewart, 549 U.S. 147, 153 (2007).

## III.   DISCUSSION

Since Mr. Young's prior motion under 28 U.S.C. § 2254 was denied, Rule 60(b) permits challenges only to the manner in which the judgment on that motion was obtained. Gonzalez, 545 U.S. at 532 (explaining that a Rule 60(b) motion is proper when it attacks "not the substance of the federal court's resolution of a claim on the merits, but

---

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

some defect in the integrity of the federal habeas proceedings"). The petitioner's argument addresses whether there was an error in ruling whether the statute of limitations should apply; this point would attack the manner in which his habeas petition was denied and not the substance of the petition. Therefore, I will treat the petition as a Rule 60(b) motion and not a successive habeas petition. See Pridgen, 380 F.3d at 727(finding that a Rule 60(b) motion regarding an error in ruling on the habeas petition's statute of limitations error was appropriate, while other claims more akin to collateral attacks were not).

Mr. Young offers the Supreme Court's decision in McQuiggin v. Perkins, 133 S.Ct. 1924 (May 28, 2013), as the basis for this motion.[5] McQuiggin clarified how the actual innocence gateway under Schlup v. Delo, 513 U.S. 298 (1995), would apply in the event that a habeas petition was denied for expiration of the statute of limitations. It held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations." McQuiggin, 133 S.Ct. at 1928. The Schlup standard does not apply "unless [the petitioner] persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup, 513 U.S. at 329)(quotation mark

---

[5] Mr. Young argues that McQuiggin is "newly discovered evidence" under Rule 60(b)(2). While it is true that the McQuiggin is "new" in the sense that it came after Mr. Young's habeas denial, it is not "newly discovered evidence." However, given that the petitioner filed this motion *pro se*, I will review the motion under Rule 60(b)(6), which could permit the motion to be filed for "any other reason justifying relief from the operation of the judgment."

5

omitted). McQuiggin reiterated that this actual innocence gateway is narrow and its application is "rare." Id.

The petitioner claims that because his habeas petition was denied as untimely before McQuiggin was decided he should be entitled to have the decision reopened under Rule 60(b) and the merits of his petition should be reviewed. Though Mr. Young offers well-reasoned and well-researched arguments, he asserts no basis for his case to be reopened. The petitioner's argument may have been correct if the original decision did not evaluate whether the petitioner was entitled to overcome the AEDPA's statute of limitations under Schlup. However, the original denial *did* thoroughly evaluate whether the petitioner was still entitled to a merits review via the Schlup actual innocence gateway, in line what McQuiggin. Even after evaluating his petition under Schlup, this court found that the petitioner "has not presented a claim of actual innocence to meet the fundamental miscarriage of justice exception." See Young v. Superintendent Lamas, et al., No. 12–3623, 2013 WL 1755333, at *6 (E.D.Pa. Mar 28, 2013).[6] Therefore, there was no procedural flaw in the initial habeas proceeding under McQuiggin.[7]

### IV. CONCLUSION

---

[6] The Honorable Carol Sandra Moore Wells explained in the Report and Recommendation that Mr. Young did not put forth any new evidence of innocence in his untimely habeas petition to allow his petition to proceed under Schlup; instead, he simply asserted an ineffective assistance of trial counsel claim as it pertained to the jury instructions used at trial. See Young v. Superintendent Lamas, et al., No. 12–3623, 2013 WL 1755333, at *6 (E.D.Pa. Mar 28, 2013).

[7] In addition, Mr. Young has not offered new evidence of actual innocence within this motion nor has demonstrated any other basis in which granting a Rule 60(b) motion would be appropriate (i.e. fraud, any other defect in the integrity of the habeas corpus proceedings, or any other extraordinary circumstances that would warrant relief).

Accordingly, because the petitioner does not offer any legitimate error in the procedure of the initial denial, I must deny this Rule 60(b) motion in its entirety.

An appropriate Order follows.